■ In the Matter of the Claim of BEATRICE L. DENNIS, Respondent, v. UNION SPRINGS CENTRAL SCHOOL et al., Appellants.— WORKMEN'S COMPENSATION BOARD, Respondent.— SWEENEY, J. Appeal by the employer and its carrier from decisions of the Workmen's Compensation Board, filed October 10, 1968 and April 23, 1969. The board found that claimant's disability had increased since her case was previously closed with a nonschedule adjustment and that such increased disability was causally related to an accidental injury of April 2, 1956. The appellants contend that the record does not contain any substantal medical evidence to support this finding. The accident occurred when claimant, then 56 years of age, fell from a chair while washing windows. She received an injury to her lower back and a fracture of the sacrum. At that time there was pre-existing osteoarthritis and also a disc condition. The case was closed in May of 1960 on the basis of permanent partial disability, claimant still having complaints referable to the back and legs. Both of the medical experts testified that claimant's disability had increased from the time of the closing to the reopening of the case. It was the opinion of Dr. Bleauvelt, the appellants' doctor, that claimant's worsened condition was due to aging, and not to the injury of 1956, although he testified that the 1956 accident played a minimal role in the present disability. The case was opened on the report of claimant's doctor who had been treating her since the accident. He stated that her symptoms were becoming gradually more aggravated, with more pain in the back and left leg; that apparently this was increased involvement at the site of the fracture with resulting aggravation of symptoms. Claimant's consultant found that she had advanced osteoarthritic condition of the lumbar spine, but could not state whether her present disability was from the original injury or the arthritis worsening with the injury. A resolution of the controversy narrows itself to a determination of whether or not there is substantial evidence in the record to substantiate a finding that there is increased disability which is causally related to the accident of April 2, 1956. We believe there is. On the entire record there is substantial evidence to support the board's determination. Decisions affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.